IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY FRANKLIN HARRIS** § | | **PLAINTIFF** |
| § | | |
| § | | |
| v. § | | Civil No. 1:23cv230-HSO-BWR |
| § | | |
| § | | |
| **PEARL RIVER COUNTY, MISS.** § | | **DEFENDANT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [41], GRANTING DEFENDANT'S
MOTION [39] FOR SUMMARY JUDGMENT, AND DISMISSING
PLAINTIFF'S CLAIMS WITH PREJUDICE**

This matter comes before the Court on the Report and Recommendation [41] of United States Magistrate Judge Bradley W. Rath, entered in this case on December 20, 2024, and the Motion [39] for Summary Judgment filed by Defendant Pearl River County, Mississippi, on August 21, 2024. Based upon a review of the record and relevant legal authority, the Magistrate Judge recommended that Defendant's Motion [39] for Summary Judgment be granted and that Plaintiff Timothy Franklin Harris's claims be dismissed with prejudice. R. & R. [41] at 16.

Based upon a review of the record, the Court finds that because Plaintiff has not produced evidence sufficient to raise a genuine dispute of material fact as to whether he was deprived of any federal constitutional right, the Report and Recommendation [41] should be adopted, Defendant's Motion [39] for Summary Judgment should be granted, and Plaintiff's claims should be dismissed with prejudice.

I.  BACKGROUND

On September 8, 2023, while he was incarcerated at the Lenoir Rowell Criminal Justice Center in Poplarville, Mississippi ("Pearl River County Jail" or "PRCJ"), pro se Plaintiff Timothy Franklin Harris ("Plaintiff" or "Harris") filed the Complaint [1] in this case under 42 U.S.C. § 1983.  *See* Compl. [1] at 1.  Plaintiff names Pearl River County, Mississippi (the "County"), as the sole Defendant, advancing causes of action under 42 U.S.C. § 1983.  *See id.*; Order [12] at 1.  He is proceeding in forma pauperis.  *See* Order [6].  Plaintiff clarified his allegations at an Omnibus Hearing held on April 23, 2024, which operated as a *Spears*[1] hearing. *See* Min. Entry, Apr. 23, 2024; Order [36]; Tr. [37].

Following the hearing, the Magistrate Judge outlined Plaintiff's claims as follows:

> The events giving rise to this lawsuit occurred while Plaintiff was housed at the Pearl River County Jail ("PRCJ") in Poplarville, Mississippi.  From the time Plaintiff entered PRCJ, he believes that his medical needs were overlooked, disregarded as frivolous, and repeatedly misdiagnosed.  Compl. [1] at 4.  From September 2022 through March 2023, Plaintiff repeatedly advised his custodians that his stomach and back hurt.  Compl. [1-1] at 1-3.  Plaintiff claims that his pain intensified over several months, culminating in vomiting and uncontrollable diarrhea.  *Id.*  He believes that something has "rupture[d]" internally because he also suffered bleeding from an unspecified location.  Letter [3] at 1.  Because his mother and sister both died of stomach cancer, Plaintiff is unsatisfied with the medical care he received during this time.  Compl. [1-1] at 2; Letter [3] at 1.

Order [36] at 1-2.[2]

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985).
[2] Before the Omnibus Hearing, Harris was transferred to the Central Mississippi Correctional Facility in Pearl, Mississippi, *see* Order [36] at 2, and he is now housed in the

The County filed a Motion [39] for Summary Judgment, arguing that it did not violate Plaintiff's constitutional rights, and that Plaintiff was unable to impute liability against it. *See* Mot. [39] at 2; Mem. [40] at 5-7. Plaintiff did not file a response. On December 20, 2024, the Magistrate Judge entered a Report and Recommendation [41] that the County's Motion [39] should be granted, and that Plaintiff's claims should be dismissed with prejudice. *See* R. & R. [41] at 16. To date, Plaintiff has not filed any Objection to the Report and Recommendation [41], and the time for doing so has passed. *See id.*; 28 U.S.C. § 636(b)(1); L.U. Civ. R. 72(a)(3).

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Dyer v.*

---

custody of the Mississippi Department of Corrections at the Stone County Correctional Facility in Wiggins, Mississippi, *see* Notice [38] at 1.

3

*Houston*, 964 F.3d 374, 379 (5th Cir. 2020).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Plaintiff's claims stem from his pretrial detention at PRCJ.  *See* Compl. [1].  A pretrial detainee's claims of inadequate medical care are adjudicated under the Fourteenth Amendment.  *See Cope v. Cogdill*, 3 F.4th 198, 206 (5th Cir. 2021).  "For claims related to the medical treatment of a pretrial detainee, [a] court will find a constitutional violation where an officer: (1) subjectively knew of a substantial risk of serious harm to the detainee; and (2) responded to that risk with deliberate indifference," which is "an extremely high standard to meet."  *Ford v. Anderson Cnty.*, 102 F.4th 292, 307 (5th Cir. 2024) (per curiam) (quotations omitted).  "[U]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference."  *Id.* (quotation omitted).

To establish "municipal liability" under § 1983, "a plaintiff must show: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)."  *Id.* at 319 (quotations omitted).  For a county to be liable, "a plaintiff must show that the policy was implemented with deliberate indifference to the known or obvious consequences that a constitutional violation would result."  *Id.* (quotations omitted).

Based upon the foregoing principles and having conducted the required review, the Court concludes that the Report and Recommendation [41] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [41] in its entirety as the opinion of this Court and will dismiss Plaintiff's claims with prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [41] of United States Magistrate Judge Bradley W. Rath, entered in this case on December 20, 2024, is **ADOPTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [39] for Summary Judgment filed by Defendant Pearl River County, Mississippi, is **GRANTED**, and Plaintiff Timothy Franklin Harris's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 29th day of January, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE